TINKER *v.* TINKER.

1. DIVORCE—PROPERTY SETTLEMENT—FRAUD—EVIDENCE.

Property settlement between parties to precedent suit for divorce *held,* valid where both trial court and Supreme Court are unable to find fraud therein, each party having been represented at the settlement by counsel, all property matters talked over, property listed, valuation arrived at and division made.

2. COSTS—DIVORCE.

No costs are allowed wife who appealed from decree as to division of property but was unsuccessful in sustaining her contentions on appeal.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted June 15, 1937. (Docket No. 107, Calendar No. 39,597.) Decided September 1, 1937.

Bill by Lena M. Tinker against Harold W. Tinker for a divorce on grounds of extreme and repeated cruelty, to set aside a property settlement and for other relief. Cross-bill by defendant against plaintiff for divorce on grounds of extreme and repeated cruelty, for an injunction and other relief. From decree for plaintiff granting divorce and affirming property settlement, she appeals. Affirmed.

*Isabel D. Hannah,* for plaintiff.

*Geo. W. Des Jardins* and *John G. Libbers,* for defendant.

Potter, J.  August 19, 1936, plaintiff filed a bill for divorce against defendant.  From a decree for plaintiff, she appeals.

Prior to the divorce suit in question, November 9, 1935, defendant filed a bill for divorce in the circuit court for Lapeer county against plaintiff, who caused her appearance to be entered therein and filed an answer denying plaintiff's right to relief. April 2, 1936, a property settlement was made, executed and acknowledged by the respective parties, and that cause dismissed.

By the bill filed in this cause, plaintiff asks not only for divorce, but attacks the property settlement made April 2, 1936, upon the ground of fraud.

At the time the settlement was made there seems to have been more or less bickering as to the value of the property, who had contributed thereto, the amount of such contributions, the terms of settlement, and the right of plaintiff to participate in the bonus received, or expected to be received, by defendant from the government of the United States by reason of his having served in the army during the world war.  All property matters were talked over, the property listed, the valuation arrived at, and the property divided.  Each of the parties to the divorce proceeding was represented at the settlement by able counsel.  Neither party was satisfied with the settlement.  The trial court found no fraud in the settlement then made, and we are unable to find any.  It appears to have been valid.

Decree of the trial court affirmed, without costs.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Chandler, JJ., concurred.